J. J. Gavin & Co., Inc., (Salomon & Phillips) v. United States (No. 4642)[1]

United States Court of Customs and Patent Appeals, October 31, 1950

[1] C. A. D. 441.

*Lane & Wallace* (*William H. Fox* of counsel) for appellant.

*David N. Edelstein*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.

[Oral argument October 3, 1950, by Mr. Fox and Mr. Donohue]

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Associate Judges

WORLEY, Judge, delivered the opinion of the court:

In the months of February, March, and April 1942, appellant imported from England at the port of New York, four shipments of various kinds of merchandise, each of which included saddle soap. After the merchandise was appraised by the United States appraiser appellant appealed for a reappraisement by a judge of the United States Customs Court, with respect to all items upon which additions were made on entry to meet the advances in value fixed by the appraiser. The appeals were abandoned as to all items other than saddle soap.

The merchandise was entered at *per se* values less discounts of 17½ per centum and 2½ per centum, plus cases and packing. It was appraised at the *per se* values less 2½ per centum discount, plus cases and packing.

At the trial before the judge, sitting in reappraisement, there were received in evidence on behalf of appellant two affidavits executed by a director of the exporter of the involved merchandise and, on behalf of the Government, certain correspondence with additional data was received.

The evidence for appellant was to the effect that, in England, it is the universal practice of manufacturers and dealers of articles such as or similar to those of the exporter, to allow discounts based on the total money value of different purchases offered for sale and that such practice conforms to the ordinary course of trade in the exporter's business.

It appears that all purchasers receive discounts upon the total amount of the invoice, the lower the amount, the less the discount; and the higher the amount, the higher the discount, until a maximum of 17½ per centum on a total amount of 10 £ or over is reached. It further appears from the record that in all purchases of goods, regardless of kind or quantity, buyers are entitled to receive a minimum 2½ per centum trade discount, in addition to the discount of 2½ per centum for cash.

None of the foregoing facts are disputed.

The single judge, in his opinion, held that the dutiable value of the imported saddle soap was the foreign value. Foreign value is conceded by the parties to be the proper basis of appraisement, as defined by Section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. For the reason that all

purchasers were entitled to a flat trade and a flat cash discount, the court gave judgment decreeing that the values of the imported merchandise were the entered unit values less 2½ per centum trade discount, in addition to 2½ per centum cash discount, plus the cost of cases and packing, citing *United States* v. *Mexican Products Co.*, 28 C. C. P. A. (Customs) 80, C. A. D. 129, and *United States* v. *American Glanzstoff Corp.*, 24 C. C. P. A. (Customs) 35, T. D. 48308.

Appellant appealed from the judgment of the single judge to the United States Customs Court, which affirmed the judgment of the single judge. From that judgment, this appeal was taken.

The appellate court, in sustaining the judgment of the trial court, found as facts:

1. That the merchandise, the value of which is here involved, consists of saddle soap exported from England and entered at the port of New York.
2. That the merchandise covered by appeal No. 144617–A was entered at certain *per se* values, less discounts of 17½ and 2½ per centum, plus cases and packing, and was appraised at the *per se* values, less 2½ per centum discount, plus cases and packing.
3. That the merchandise covered by the other three appeals was entered under duress because of advances made by the appraiser in the above-referred-to appeal No. 144617–A, and was appraised as entered.
4. That all purchasers are entitled to and do receive a minimum trade discount of 2½ per centum and a cash discount of 2½ per centum from the entered unit price, plus cases and packing.
5. That foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. sec. 1402 (c) ), is the proper basis for determining the value of the merchandise involved herein.

The court then held, as a matter of law:

1. That we must reject *in toto* the contention of appellant that the total money value of the individual sales rather than the unit quantity of merchandise contained in the individual sales should be used as a basis in finding the proper value of the merchandise.
2. That in finding the proper value of the saddle soap, we are limited to a consideration of sales of saddle soap only, and are not permitted to consider also the sales of other unrelated items of merchandise made by the exporter herein.
3. That the proper dutiable foreign market value of the saddle soap here volved, as that value is defined in section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. sec. 1402 (c) ), is as set out in finding of fact No. 4, *supra*.

It is our belief, as found below, that the proper dutiable value is the *per se* value of the merchandise, less 2½ per centum trade discount, in addition to 2½ per centum cash discount, plus cases and packing, and that such value is consistent with the facts disclosed by the record. Clearly these discounts were offered to *all* purchasers in the ordinary course of trade without regard to the class of trade or particular monetary value of orders placed.

Counsel for appellant contend here as they did below that the proper dutiable value of the involved merchandise is the entered *per se* unit values, less 17½ per centum trade discount, in addition to 2½ per centum cash discount. In support of that contention counsel in their brief argue that:

There is not, we submit, anything in the provisions of Section 402 (c) of the present Tariff Act which requires that wholesale quantities on which trade discounts are freely allowed in the ordinary course of trade must always be established in terms of unit quantities of goods, and may not be established in terms of total units of money value of individual orders.

Since this is a new question, it is incumbent upon us to determine whether the tariff laws can be so construed as to warrant appellant's contention.

In their brief, counsel for the Government properly point out that:

\* \* \* it is pertinent to note that the preamble to the dutiable list in the tariff act (19 U. S. C. Section 1001) recites that, "\* \* \* there shall be levied, collected and paid upon all *articles* when imported from any foreign country \* \* \* the rates of duty \* \* \* set forth below" (Italics ours). Thus, the tax is fixed by law, not on the purchaser for the privilege of purchasing, not on the total value of his purchases or the total quantity set forth on his invoice, but upon each specific *article*. No provision is made for determining a value or imposing a duty upon a group or combination of articles.

The words "article" and "merchandise" are used interchangeably throughout those provisions of the tariff act which deal with the calculation and determination of duty but always in harmony with the purpose of the preamble to tax the individual article upon importation. For example, the determination of a value is a necessary prerequisite to the imposition of an ad valorem duty. The task of determining that duty is specifically delegated to the appraiser in 19 U. S. C. Sec. 1500. Therein he is directed "to appraise the merchandise in the *unit of quantity* in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof \* \* \*" (Italics ours). This answers the assertion of appellant that the statute does not prohibit a determination of value based upon a discount given for a total monetary unit of sales which include other merchandise. The statute specifically directs that the appraiser shall determine the value of the *merchandise* in the unit of quantity in which the *merchandise* is usually bought and sold.

Moreover, we find further, in Section 1500, that it is the duty of the appraiser "To ascertain the number of *yards, parcels,* or *quantities* of the merchandise ordered or designated for examination;" (Italics ours) which language strengthens our conclusion that neither section 1500 (19 U. S. C.), nor section 402 (c), *supra,* can be reconciled with appellant's contention. We have no doubt that the only proper construction of those sections is that the appraised valuation of the imported articles must be based upon the unit of quantity and not upon a total money value; it cannot include the value of saddle soap in combination with the values of other different items.

Since we find no fault with the reasoning or decision below, the judgment of the United States Customs Court is hereby *affirmed.*